IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT JASON DILLARD                                                            PLAINTIFF

v.                                      Civil No. 4:19-cv-4100

JAIL ADMINISTRATOR JANA TALLANT;
DEPUTY JOHN ERIC GLIDEWELL; SHERIFF
BRIAN MCJUNKINS; THE NASHVILLE
LEADER/NASHVILLE NEWS; DEPUTY
DUSTIN WAKEFIELD; and LOUIS GRAVES                                         DEFENDANTS

**ORDER**

This is a civil rights action filed by Robert Jason Dillard pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed this action *pro se* and *in forma pauperis* on August 21, 2019. (ECF No. 1). Plaintiff is currently incarcerated in the Howard County Detention Center ("HCDC") in Nashville, Arkansas.

Plaintiff alleges Defendants Tallant and Wakefield provided false information about him to the Nashville Leader/Nashville News, a newspaper that is owned by Defendant Graves. He claims the newspaper then published an article which falsely accused him of "having something to do with some narcotics that were found in the county jail." *Id.* at p. 3. Plaintiff also asserts that Defendants McJunkins and Glidewell, the Sheriff and Deputy Sheriff of Howard County, had to

know that their employees provided false information to the newspaper and, therefore, they should be responsible for the information being published. *Id.* at pp. 10-11.

Plaintiff asserts a claim of "defamation of character" against each Defendant. *Id.* at p. 8. Plaintiff proceeds against Defendants in their individual and official capacities and seeks compensatory and punitive damages. *Id.* at p. 15. Plaintiff also requests the termination of all Defendants' employment and that "all pending charges against [him are] dropped or NOL processed." *Id.*

## II. STANDARD

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

## III. DISCUSSION

Title 42 of the United States Code provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "As a general rule, the federal civil-rights remedies available to a person under section 1983 are not so broad as those available under state law, common or statutory." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986).

"[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *see also Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, *per se*, is not actionable under section 1983."). Thus, "[c]laims for defamation and slander are not cognizable under [section] 1983." *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (per curium).

The Court finds that Plaintiff's claims of defamation fail because defamation is a state law claim that is not cognizable under section 1983. Accordingly, Plaintiff's claims should all be dismissed pursuant to the PLRA for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** this 4th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge